Court of Civil Appeals of Texas. El Paso.
May 14, 1931.

Harmon & Harmon, of Dallas, for appellant.

Mayer & Rowe, of Fort Worth, for appellee.

HIGGINS, J.

The appellee brought this suit against the appellant to recover upon a promissory note alleged to have been executed by the latter, and to foreclose a vendor's lien securing its payment. The defendant answered by general demurrer, general denial, and plea of non est factum. The record discloses the case was called for announcement on May 26, 1930, at which time plaintiff announced ready for trial, and, though defendant's attorney was present, no announcement was made by the defendant. The next day the court again called for announcement, and the plaintiff announced ready, but the defendant did not appear either in person or by his counsel. A jury having been previously demanded by the defendant, such jury was impanelled and sworn, and the jury, having heard the pleadings and the evidence adduced, was peremptorily charged by the court to return a verdict for the plaintiff in the sum of $1,431.10 and for foreclosure of the vendor's lien described in the petition, which verdict was returned, and judgment rendered in accordance therewith.

On June 2, 1930, the defendant filed a motion for new trial, which was later amended, in which a meritorious defense was set up and an effort made to excuse the failure of the defendant and his counsel to be present at the trial. To the motion affidavits of the two attorneys representing the defendant were attached undertaking to excuse the failure of the defendant and themselves to be present when the case was called on May 27th.

The order overruling the motion discloses the court heard "the evidence adduced thereon" and was of the opinion and found that

the motion should be overruled. The only error assigned is to the action of the court in overruling such motion. The record contains a statement of facts showing the evidence adduced upon the trial proper, but does not contain the evidence adduced in support of the motion for a new trial.

In the absence of the evidence heard by the court upon the motion, this court cannot say that in overruling the motion the trial court abused the discretion which is vested in it in passing upon motions for new trial where judgment has been rendered against a party in the absence of himself and his attorney.

The brief of appellant also contains a suggestion of fundamental error, which is without merit.

Affirmed.